[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on the issue of determining whether the entire parcel of land known as Roberts Lane was properly dedicated and accepted as a public highway by the Town of Ridgefield.
The plaintiffs in the consolidated cases argue that Roberts Lane has been an accepted public highway since 1980, and they seek an injunction barring present and future obstruction to their claimed "public highway," and a determination that it is a public road.
A stipulation was approved by the court as a judgment in the case of Eppoliti v. Girolametti, et al. (CV79-0273658 S) on January 3, 1980. The stipulation provided, inter alia, that the Girolameattis would dedicate to the extent allowed by zoning and planning regulations a portion of their land abutting Roberts Lane to be a portion of the public highway.
Pursuant to that stipulation, the Town of Ridgefield would call a meeting to accept Roberts Lane as a public road. On December 1, 1980, the Board of Selectmen of the Town of Ridgefield accepted Roberts Lane as a public road, although no land had been dedicated by the Girolamettis. At the hearing, it was conceded that some land could have been dedicated without violating any of the Town's planning and zoning regulations. Eppoliti claims that the failure of the Girolamettis to dedicate any land violated the terms of the stipulation and since there was no dedication, the Town accepted no portion of Roberts Lane, or, at the very most, only the traveled portion.
The Town of Ridgefield, in its brief, argues that the stipulation entered into by the parties amounted to a contractual dedication of the land. As such, the law of contracts applies and, therefore, the intention of the parties as expressed in the stipulation is controlling.
This court agrees with the Town of Ridgefield's contention.
Roberts Lane had long been shown on a public map. The acquisition of the property by the defendant was subsequent to the public map. The maintenance of the road for many years by the Town, evidenced the Town's acceptance of the road and its responsibilities to maintain it.
The stipulation of the parties leaves no room for error or CT Page 15584 argument. It is clear as to the intention of the parties.
A public meeting was called in accordance with the stipulation, for acceptance by the Town. No objection was made at the meeting where "Roberts Lane" was formally accepted. This meeting was within a reasonable period of time.
Until the commencement of this lawsuit, Roberts Lane was treated by all travelers as a public highway.
All of the evidence mitigates against the contention of the defendants that the contested parcel is a private right-of-way. The zoning application for development of defendants' abutting land in 1989, required that the land sought to be developed had to front on a public highway. Other action by the defendant in this long and circuitous history indicates acknowledgment by the defendant that Roberts Lane was an accepted public highway.
Based on all of the evidence presented, the court finds and orders that the full expanse of Roberts Lane shown on Town Clerk Map #3985 is a public road and right-of-way of the Town of Ridgefield.
Further, the defendants, through heirs, successors and assigns are permanently enjoined from obstructing the Girolametti access to Roberts Lane and are further ordered to remove the fence erected along the property.
The court rejects the argument of the defendants that the Girolamettis breached the stipulated agreement by their failure to dedicate a portion of their land to the Town of Ridgefield. There is no evidence in the record to indicate that a request for additional land was ever made by the Town of Ridgefield. There is evidence to the effect that John Girolametti is willing to give a strip of land for widening purposes if requested by the Town. The obvious intention of dedication of additional land to the Town was for widening of the road. Since the Town did not require additional land, it would have been a useless act to dedicate additional land which was not needed. There may be a technical breach but, if there is, the breach is without remedy, since no damage has been proven.
Mihalakos, J. CT Page 15585